# IN THE CHANCERY COURT OF HAMILTON COUNTY
# STATE OF TENNESSEE

| | |
|---|---|
| AMANDA HERSHBERGER, and ABDEL ALAMEER, | * <br> * <br> * Docket No: 19-0770 |
| Plaintiffs, | * <br> * |
| vs. | * <br> * |
| BlueCross BlueShield of Tennessee, Inc., Tennessee Health Foundation, Inc., Kelly Services, Inc., Kelly Services Global, LLC., and Kelly Services USA, LLC., | * JURY DEMAND <br> * <br> * <br> * <br> * |
| Defendants. | * <br> * |

## COMPLAINT

Plaintiffs Amanda Hershberger and Abdel Alameer, by and through counsel, hereby sue defendants BlueCross BlueShield of Tennessee, Inc., Tennessee Health Foundation, Inc., Kelly Services Inc., Kelly Services USA, LLC., and Kelly Services Global, LLC.

Plaintiffs sue under the Tennessee Human Rights Act for religious discrimination and disability discrimination.

## PARTIES

1. Plaintiff Amanda Hershberger is an adult resident of Hamilton County, Tennessee. Ms. Hershberger lives at 7310 Standifer Gap Rd., Apt 204. Chattanooga, TN 37421.

2. Plaintiff Abdel Alameer is an adult resident of Hamilton County, Tennessee. Mr. Alameer lives at 7310 Standifer Gap Rd., Apt 204. Chattanooga, TN 37421.

3. Defendant BlueCross BlueShield of Tennessee, Inc., is a Tennessee Corporation with a principal address of Corporate Governance, 1 Cameron Hill Cir., Chattanooga, TN 37402. Defendant BlueCross BlueShield of Tennessee, Inc., has a registered agent of Anne Hance at 1 Cameron Hill Cir., Chattanooga, TN 37402.

4. Defendant Tennessee Health Foundation, Inc., is a Tennessee Corporation with a principal address of Corporate Governance, 1 Cameron Hill Cir., Chattanooga, TN, 37402. Defendant Tennessee Health Foundation, Inc., has a registered agent of Anne Hance at 1 Cameron Hill Cir., Chattanooga, TN 37402.

5. Defendant Kelly Services, Inc., is a Delaware Corporation doing business in Tennessee. Kelly Services, Inc., has a principal address of 999 W. Big Beaver Rd., Troy, MI 48084. Kelly Services has a registered agent at CT Corporation System, located at 300 Montvue Rd., Knoxville, TN 37919.

6. Defendant Kelly Services Global, LLC., is a Michigan LLC doing business in Tennessee. Defendant Kelly Services has a principal address of 999 W. Big Beaver Rd., Ste 601A, Troy, MI., 48084. Defendant Kelly Services Global, LLC., has a registered agent of CT Corporation System, 300 Montvue Rd., Knoxville, TN 37919.

7. Defendant Kelly Services USA, LLC., is a Michigan LLC doing business in Tennessee. Defendant Kelly Services USA, LLC., has a principal address of 999 W. Big Beaver Rd., Ste 601A, Troy, MI., 48084. Defendant Kelly Services USA, LLC., has a registered agent of CT Corporation System, 300 Montvue Rd., Knoxville, TN 37919.

8. Defendants Kelly Services USA, LLC., Kelly Services Global, LLC., and Kelly Services., Inc., are hereinafter referred to as simply "Kelly Services."

9. Defendants BlueCross BlueShield of Tennessee and Tennessee Health Foundation are hereinafter referred to as simply "BlueCross BlueShield."

## JURISDICTION AND VENUE

10. Jurisdiction and venue are proper in the Chancery Court of Hamilton County, Tennessee because Defendants are doing business in Hamilton County, Tennessee, and because a substantial part of the events or omissions giving rise to this case of action occurred in Hamilton County, Tennessee.

## BACKGROUND

11. Plaintiffs are husband and wife.

12. Plaintiffs are practicing Muslims.

13. As Muslims, their faith requires them to pray at different times throughout the day.

14. Additionally, Plaintiff Hershberger has a medical condition which requires her to urinate frequently.

15. Based upon information and belief, Kelly Services is a staffing company.

16. Plaintiffs were clients of Kelly Services as they sought full time employment.

17. Upon information and belief, BlueCross BlueShield uses a metric known as a Pride Score to measure employee performance and efficiency.

18. Upon information and belief employees, especially probationary employees, are given Pride Score benchmarks and requirements.

19. Plaintiff Hershberger began working for Defendants in July of 2018.

20. Plaintiff Hershberger was placed in her position through Kelly Services.

21. Upon information and belief her employment with Defendants was probationary for 90 days, at which point she would be evaluated and potentially offered permanent employment.

22. In September of 2018, Plaintiff Alameer began working for BlueCross BlueShield as well.

23. Plaintiff Alameer's employment was also based on a 90-day probationary period.

24. Plaintiff Alameer also received his placement with BlueCross BlueShield through Kelly Services.

25. During late September and early October of 2018, Plaintiff Hershberger and Plaintiff Alameer would meet during the day to do their daily prayers. Plaintiffs worked in close proximity to one another and would often pray together in a nearby empty conference room or vacant office.

26. During this time Plaintiff Hershberger was also using the restroom with the frequency that her medical condition requires.

27. Upon information and belief Plaintiff Hershberger's 90-day review took place on October 24, 2018.

28. At Plaintiff Hershberger's 90-day review, she was informed that she was outperforming her position's goals and requirements. However, Plaintiff Hershberger was questioned about spending too much time away from her desk.

29. At this ninety-day review Plaintiff Hershberger informed her supervisors that Plaintiff Alameer was her husband and prayer partner, and that they were praying together during her time away from her desk. Upon information and belief this was the first time Plaintiffs' supervisors knew they were married and/or prayed together. She also informed them about her medical condition.

30. Plaintiff Hershberger was asked if she could combine her prayer times and her bathroom breaks into single trips. Or in the alternative, Plaintiff Hershberger was asked if she could pray in the parking lot.

31. Plaintiff Hershberger was not offered full time employment at her 90-day review but was told she would get another review in 30 days.

32. Plaintiff Alameer began work doing mostly administrative tasks but after a few weeks began receiving training on the CMS system.

33. Plaintiff Alameer was told by his supervisor that he would have 30 days to meet production goals on his work assignments.

34. On October 29, 2018, Mr. Alameer was notified that his employment with BlueCross BlueShield had ended. He was not allowed to finish his initial review period. Mr. Alameer was given no reason for termination.

35. On November 1, 2018, Ms. Hershberger was notified that her assignment at BlueCross BlueShield had ended. When she asked why, Ms. Hershberger was only told that it was for "behavioral reasons."

36. At no point in Plaintiffs short careers with BlueCross BlueShield was either told they were not performing adequately.

## CAUSES OF ACTION

## RELIGIOUS DISCRIMINATION

37. Plaintiffs allege that they were discriminated against with regard to the terms, conditions, privileges of employment because of their religion, in violation of the Tennessee Human Rights Act, T.C.A. § 4-21-401.

38. Plaintiffs allege that Defendants violated the Tennessee Human Rights Act, T.C.A. §4-21-401, et. al because they failed to provide reasonable accommodations to the Plaintiffs.

39. Plaintiffs allege that Defendants retaliated against them for engaging in protected activity.

40. Namely, the Defendants failed to allow the plaintiffs to pray during the workday.

41. Plaintiffs assert that Defendants violation of the above-mentioned laws was intentional, reckless, or malicious.

42. At all times Plaintiffs performed their assigned tasks responsibly and competently despite their time spent praying together.

## DISABILITY DISCRIMINATION

43. Plaintiff Hershberger has a medical condition that requires her to urinate frequently.

44. To handle this condition, Plaintiff Hershberger would make hourly, or bi-hourly trips to the restroom.

45. Plaintiff Hershberger alleges that her employer discriminated against her based upon her having a disability, her record of having a disability, or because her employer regarded her as having a disability in violation of the Tennessee Disability Act, T.C.A. § 8-50-103.

46. Plaintiff Hershberger further alleges that she was terminated in retaliation for engaging in a protected activity.

47. Plaintiff Hershberger was questioned about her frequent trips to the restroom many times and informed her employer of her condition.

48. At all times, Plaintiff Hershberger performed her assigned tasks in a timely and competent manner, despite her trips to the restroom.

## DAMAGES

49. As a result of Defendants' acts or omissions as set forth above, the plaintiffs were illegally terminated. They are entitled to reinstatement; compensation for past, present, and future wages and benefits; incidental damages; compensation for emotional distress, humiliation, mental anguish and embarrassment; pain and suffering; and other non-pecuniary losses.

50. Plaintiffs allege that they are entitled to punitive damages.

51. Plaintiffs allege that, as a result of Defendants' acts or omissions, as set forth above, they are entitled to attorneys' fees and costs.

WHEREFORE PLAINTIFFS PRAY that Plaintiffs be awarded a verdict for the above-mentioned economic damages, non-economic damages, and punitive damages in an amount to be determined by the jury; as well as attorneys' fees and costs; and Plaintiff DEMANDS A JURY to try these issues when joined.

Respectfully submitted,

**MASSEY & ASSOCIATES, PC**

By _/s/ Stephen Kyle McDonald/_
Stephen Kyle McDonald; BPR No.: 037088
Joshua R. Ward; BPR No.: 031329
6400 Lee Highway, Suite 101
Chattanooga TN 37421
Phone: (423) 697-4529
Fax: (423) 634-8886
josh@masseyattorneys.com
kyle@masseyattorneys.com
Attorneys for Plaintiff

IN THE CHANCERY COURT OF HAMILTON COUNTY
STATE OF TENNESSEE

| | |
|---|---|
| AMANDA HERSHBERGER, and ABDEL ALAMEER, <br><br> Plaintiffs, <br><br> vs <br><br> BlueCross BlueShield of Tennessee, Inc., <br> Tennessee Health Foundation, Inc., <br> Kelly Services, Inc., <br> Kelly Services Global, LLC., and <br> Kelly Services USA, LLC., <br><br> Defendants. | Docket No. 19-0770 <br><br> Division: <br><br> **JURY DEMANDED** |

## COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of non-discretionary costs in this Court, which may at any time be adjudged against the plaintiffs in the event plaintiffs shall not pay them.

Witness my hand this ~~28~~ day of October 2019.
29/TH

_____
Surety, Stephen Kyle McDonald

 6400 Lee Highway, Suite 101
**Address**

Chattanooga, TN 37421
**City, State, Zip Code**

(423)697-4529   FAX (423)634-8886
**Telephone**

*(Surety on a bond for costs shall not be released from the obligation as surety until there is a provision for a substitute surety)*

IN THE CHANCERY COURT OF HAMILTON COUNTY
STATE OF TENNESSEE

| | | |
|---|---|---|
| AMANDA HERSHBERGER, and | * | |
| ABDEL ALAMEER, | * | |
| | * | Docket No: 19-0770 |
| Plaintiffs, | * | |
| | * | |
| vs. | * | |
| | * | |
| BlueCross BlueShield of Tennessee, Inc., | * | JURY DEMAND |
| Tennessee Health Foundation, Inc., | * | |
| Kelly Services, Inc., | * | |
| Kelly Services Global, LLC., and | * | |
| Kelly Services USA, LLC., | * | |
| | * | |
| Defendants. | * | |
| | * | |

## FIRST AMENDED COMPLAINT

Plaintiffs Amanda Hershberger and Abdel Alameer, by and through counsel, hereby sue defendants BlueCross BlueShield of Tennessee, Inc., Tennessee Health Foundation, Inc., Kelly Services Inc., Kelly Services USA, LLC., and Kelly Services Global, LLC.

Plaintiffs sue under the Tennessee Human Rights Act for religious discrimination and disability discrimination.

## PARTIES

1. Plaintiff Amanda Hershberger is an adult resident of Hamilton County, Tennessee. Ms. Hershberger lives at 7310 Standifer Gap Rd., Apt 204. Chattanooga, TN 37421.

2. Plaintiff Abdel Alameer is an adult resident of Hamilton County, Tennessee. Mr. Alameer lives at 7310 Standifer Gap Rd., Apt 204. Chattanooga, TN 37421.

3. Defendant BlueCross BlueShield of Tennessee, Inc., is a Tennessee Corporation with a principal address of Corporate Governance, 1 Cameron Hill Cir., Chattanooga, TN 37402. Defendant BlueCross BlueShield of Tennessee, Inc., has a registered agent of Anne Hance at 1 Cameron Hill Cir., Chattanooga, TN 37402.

4. Defendant Tennessee Health Foundation, Inc., is a Tennessee Corporation with a principal address of Corporate Governance, 1 Cameron Hill Cir., Chattanooga, TN, 37402. Defendant Tennessee Health Foundation, Inc., has a registered agent of Anne Hance at 1 Cameron Hill Cir., Chattanooga, TN 37402.

5. Defendant Kelly Services, Inc., is a Delaware Corporation doing business in Tennessee. Kelly Services, Inc., has a principal address of 999 W. Big Beaver Rd., Troy, MI 48084. Kelly Services has a registered agent at CT Corporation System, located at 300 Montvue Rd., Knoxville, TN 37919.

6. Defendant Kelly Services Global, LLC., is a Michigan LLC doing business in Tennessee. Defendant Kelly Services has a principal address of 999 W. Big Beaver Rd., Ste 601A, Troy, MI., 48084. Defendant Kelly Services Global, LLC., has a registered agent of CT Corporation System, 300 Montvue Rd., Knoxville, TN 37919.

7. Defendant Kelly Services USA, LLC., is a Michigan LLC doing business in Tennessee. Defendant Kelly Services USA, LLC., has a principal address of 999 W. Big Beaver Rd., Ste 601A, Troy, MI., 48084. Defendant Kelly Services USA, LLC., has a registered agent of CT Corporation System, 300 Montvue Rd., Knoxville, TN 37919.

8. Defendants Kelly Services USA, LLC., Kelly Services Global, LLC., and Kelly Services., Inc., are hereinafter referred to as simply "Kelly Services."

9. Defendants BlueCross BlueShield of Tennessee and Tennessee Health Foundation are hereinafter referred to as simply "BlueCross BlueShield."

## JURISDICTION AND VENUE

10. Jurisdiction and venue are proper in the Chancery Court of Hamilton County, Tennessee because Defendants are doing business in Hamilton County, Tennessee, and because a substantial part of the events or omissions giving rise to this case of action occurred in Hamilton County, Tennessee.

## BACKGROUND

11. Plaintiffs are husband and wife.

12. Plaintiffs are practicing Muslims.

13. As Muslims, their faith requires them to pray at different times throughout the day.

14. Additionally, Plaintiff Hershberger has a medical condition which requires her to urinate frequently.

15. Based upon information and belief, Kelly Services is a staffing company.

16. Plaintiffs were clients of Kelly Services as they sought full time employment.

17. Upon information and belief, BlueCross BlueShield uses a metric known as a Pride Score to measure employee performance and efficiency.

18. Upon information and belief employees, especially probationary employees, are given Pride Score benchmarks and requirements.

19. Plaintiff Hershberger began working for Defendants in July of 2018.

20. Plaintiff Hershberger was placed in her position through Kelly Services.

21. Upon information and belief her employment with Defendants was probationary for 90 days, at which point she would be evaluated and potentially offered permanent employment.

22. In September of 2018, Plaintiff Alameer began working for BlueCross BlueShield as well.

23. Plaintiff Alameer's employment was also based on a 90-day probationary period.

24. Plaintiff Alameer also received his placement with BlueCross BlueShield through Kelly Services.

25. During late September and early October of 2018, Plaintiff Hershberger and Plaintiff Alameer would meet during the day to do their daily prayers. Plaintiffs worked in close proximity to one another and would often pray together in a nearby empty conference room or vacant office.

26. During this time Plaintiff Hershberger was also using the restroom with the frequency that her medical condition requires.

27. Upon information and belief Plaintiff Hershberger's 90-day review took place on October 24, 2018.

28. At Plaintiff Hershberger's 90-day review, she was informed that she was outperforming her position's goals and requirements. However, Plaintiff Hershberger was questioned about spending too much time away from her desk.

29. At this ninety-day review Plaintiff Hershberger informed her supervisors that Plaintiff Alameer was her husband and prayer partner, and that they were praying together during her time away from her desk. Upon information and belief this was the first time Plaintiffs' supervisors knew they were married and/or prayed together. She also informed them about her medical condition.

30. Plaintiff Hershberger was asked if she could combine her prayer times and her bathroom breaks into single trips. Or in the alternative, Plaintiff Hershberger was asked if she could pray in the parking lot.

31. Plaintiff Hershberger was not offered full time employment at her 90-day review but was told she would get another review in 30 days.

32. Plaintiff Alameer began work doing mostly administrative tasks but after a few weeks began receiving training on the CMS system.

33. Plaintiff Alameer was told by his supervisor that he would have 30 days to meet production goals on his work assignments.

34. On October 29, 2018, Mr. Alameer was notified that his employment with BlueCross BlueShield had ended. He was not allowed to finish his initial review period. Mr. Alameer was given no reason for termination.

35. On November 1, 2018, Ms. Hershberger was notified that her assignment at BlueCross BlueShield had ended. When she asked why, Ms. Hershberger was only told that it was for "behavioral reasons."

36. At no point in Plaintiffs short careers with BlueCross BlueShield was either told they were not performing adequately.

## CAUSES OF ACTION

## RELIGIOUS DISCRIMINATION

37. Plaintiffs filed individual EEOC charges in this case.

38. A Notice of Right to Sue letter was issued to Plaintiff Alameer on February 11, 2020. Therefore, Plaintiff Alameer has exhausted his administrative remedies by filing a charge of discrimination with the EEOC.

39. A Notice of Right to Sue letter was issued to Plaintiff Hershberger on March 18, 2020. Therefore, Plaintiff Hershberger has exhausted her administrative remedies by filing a charge of discrimination with the EEOC.

40. Having exhausted their administrative remedies, Plaintiffs' allege that Defendants violated Title VII of The Civil Rights Act.

41. Plaintiffs allege that they were discriminated against regarding the terms, conditions, privileges of their employment because of their religion, in violation of the Tennessee Human Rights Act, T.C.A. § 4-21-401, and in violation of Title VII of the Civil Rights Act.

42. Plaintiffs allege that Defendants violated the Tennessee Human Rights Act, T.C.A. §4-21-401, et. al. and Title VII of the Civil Rights Act because they failed to provide reasonable accommodations to the Plaintiffs.

43. Plaintiffs allege that Defendants retaliated against them for engaging in protected activity.

44. Namely, the Defendants failed to allow the plaintiffs to pray during the workday.

45. Plaintiffs assert that Defendants violation of the above-mentioned laws was intentional, reckless, or malicious.

46. At all times Plaintiffs performed their assigned tasks responsibly and competently despite their time spent praying together.

## DISABILITY DISCRIMINATION

47. Plaintiff Hershberger has a medical condition that requires her to urinate frequently.

48. To handle this condition, Plaintiff Hershberger would make hourly, or bi-hourly trips to the restroom.

49. Plaintiff Hershberger alleges that her employer discriminated against her based upon her having a disability, her record of having a disability, or because her employer regarded her as having a disability in violation of the Tennessee Disability Act, T.C.A. § 8-50-103.

50. Plaintiff Hershberger further alleges that she was terminated in retaliation for engaging in a protected activity.

51. Plaintiff Hershberger was questioned about her frequent trips to the restroom many times and informed her employer of her condition.

52. At all times, Plaintiff Hershberger performed her assigned tasks in a timely and competent manner, despite her trips to the restroom.

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

53. Ms. Hershberger filed an EEOC charge in this case. A Notice of Right to Sue letter was issued to Ms. Hershberger by the EEOC on March 18, 2020. Therefore, Ms. Hershberger has exhausted her administrative remedies by filing a charge of discrimination with the EEOC.

54. Defendants were an "employer" within the meaning of 42 U.S.C. § 12101, *et seq.* At all relevant times, Defendants employed Ms. Hershberger.

55. Ms. Hershberger alleges the Defendants discriminated against her and discharged her because of her disability in violation of the ADA by discriminating against, creating a hostile work environment for, and retaliating against Ms. Hershberger on account of her disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Americans with Disabilities Amendments of 2008, Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. § 4-21-101, et seq.

56. At all times relevant herein, Defendants employed over 15 persons.

57. At all times relevant herein, Ms. Hershberger's injuries constituted a disability, a record of having disability, or perceived disability.

58. When Defendants terminated Ms. Hershberger, they discriminated against her on the basis of her disability in regard to discharge of employees, advancement, and other terms or conditions of her employment, in violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Americans with Disabilities Amendments of 2008,

Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. §4-21-101, et seq.

59. At all times relevant herein, Defendants were vicariously liable for the actions and conduct of the employees, agents, and representatives.

60. Defendants acted with reckless disregard for Plaintiff's protected rights.

61. Defendants violated the ADA by failing to provide him with reasonable accommodations and by failing to engage in the interactive process in good faith.

## DAMAGES

62. As a result of Defendants' acts or omissions as set forth above, the plaintiffs were illegally terminated. They are entitled to reinstatement; compensation for past, present, and future wages and benefits; incidental damages; compensation for emotional distress, humiliation, mental anguish and embarrassment; pain and suffering; and other non-pecuniary losses.

63. Plaintiffs allege that they are entitled to punitive damages.

64. Plaintiffs allege that, as a result of Defendants' acts or omissions, as set forth above, they are entitled to attorneys' fees and costs.

WHEREFORE PLAINTIFFS PRAY that Plaintiffs be awarded a verdict for the above-mentioned economic damages, non-economic damages, and punitive damages in an amount to be determined by the jury; as well as attorneys' fees and costs; and Plaintiff DEMANDS A JURY to try these issues when joined.

Respectfully submitted,

**MASSEY & ASSOCIATES, PC**

By _/s/ Stephen Kyle McDonald_
Stephen Kyle McDonald; BPR No.: 037088
6400 Lee Highway, Suite 101
Chattanooga TN 37421
Phone: (423) 697-4529
Fax:    (423) 634-8886
kyle@masseyattorneys.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that this document was served on the following persons on the day written below:

>Robert Boston
>Kierstin Jodway
>Waller Landsden Dortch & Davis, LLP
>Nashville City Center
>511 Union St., #2700
>Nashville, TN 37219
>Bob.Boston@wallerlaw.com
>Kierstin.Jodway@wallerlaw.com
>*Attorneys for Defendants Blue Cross Blue Shield of Tennessee, Inc. and Tennessee Health Foundation*

This \_\_4\_\_ day of May 2020.

MASSEY & ASSOCIATES, PC

By: _____
Stephen Kyle McDonald